IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DIANA WINGARD,<br>    Plaintiff, | )<br>) |
| v. | ) Civil Case No. 2:07-CV-904-TFM<br>) Plaintiff Demands Jury Trial |
| COUNTRYWIDE HOME LOANS,<br>INC., a foreign corporation licensed and<br>doing business in the State of Alabama,<br>    Defendant. | )<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff Diana Wingard (hereinafter, "Wingard" or "Plaintiff"), by and through her attorney of record, and would show unto this Court as follows:

### JURISDICTION AND VENUE

1.  Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of Title VIII of the Sarbanes-Oxley Act of 2002, Section 806 of the Corporate and Criminal Fraud Accountability Act, 18 U.S.C. Sections 1514A, et seq., 28 U.S.C. § 1331, 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

2.  The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3.  Diana Wingard (hereinafter, "Plaintiff" or "Wingard") is over the age of 19 years and is, and at all times material hereto was, a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

1

4. Defendant Countrywide Home Loans, Inc. (hereinafter, "the employer" or "Countrywide" or "Defendant") is, to the best of Plaintiff's knowledge and belief, a New York corporation sited in Montgomery County, Alabama. The employer is being sued for reinstatement, or in the alternative, back-pay and benefits with interest, front-pay, compensation, including special damages, liquidated damages, attorneys fees and costs.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for injunctive and declaratory relief and compensatory damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

6. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

7. On or around November, 2006, Plaintiff began working for Defendant as a Team Manager in the Montgomery, Alabama Regional Operations Center (hereinafter, "ROC"). Plaintiff was hired by and worked underneath the direct supervision of Judy Lowery (hereinafter, "Lowery"), Defendant's Regional First Vice President in Montgomery, Alabama.

8. Defendant's Montgomery, Alabama location was responsible for coordinating loans which originated at Defendant's various branches. Plaintiff's responsibilities included overseeing the processing, underwriting, funding & shipping of these loans.

9. Shortly after she became employed by Defendant, Plaintiff reasonably believed

2

Defendant, by and through the acts of its employees, was violating Federal Regulations which could result in large fines and loss of revenue to Defendant and / or its shareholders. These violations include, but are not limited to, the following:

a) Failure to provide the required "3-day" notices to borrowers;

b) Over-statement of borrower's income; and

c) Unverifiable borrower employment.

10. In addition, Plaintiff was contacted by Wine, an employee at Defendant's Auburn, Alabama location, who indicated that her supervisor was forcing her to "sign-off" on loans Wine reasonably believed to be fraudulent and if she failed to do so "could just get in her car and go home."

11. Immediately upon discovering these alleged violations, Plaintiff complained to Lowery. However, Lowery failed and / or refused to take any action thereon.

12. In or around December, 2006, Defendant's Corporate Office (hereinafter, "Corporate") contacted its Montgomery, Alabama branch regarding a loan that originated at Defendant's Auburn, Alabama branch. In response to Corporate's request, Plaintiff audited and / or investigated this loan and discovered several issues including, but not limited to, over-inflation of the property's value and questionable or unsupportable income documentation. Plaintiff prepared a report of her findings and provided the same to Lowery.

13. Upon receiving Plaintiff's report and / or learning of her investigation and / or audit, Lowery forbade Plaintiff from talking to the underwriter who originally approved this loan.

14. Subsequently, Plaintiff was asked to attend a meeting with Lowery, Wine, and Chris Raines, Vice President of Operations. During this meeting, Lowery and Raines demanded that Plaintiff discontinue her audit and / or investigation and refrain from advising Defendant's employees to use the "fraud hotline" when they suspected fraud.

15. Plaintiff repeatedly advised Lowery of her beliefs involving Defendant's fraudulent activities and / or violations.

16. On or around January 2, 2007, Defendant fired Plaintiff for allegedly falsifying employee time cards. However, Plaintiff denies that she participated in any such activity.

17. Upon Plaintiff's termination, Defendant reported to the unemployment office that Plaintiff was terminated for the reason stated in the foregoing paragraph. However, the second time the unemployment office contacted Defendant, Defendant stated that Plaintiff was terminated for "mishandling a group of loans." Likewise, Plaintiff denies that she participated in any such activity.

18. Plaintiff has suffered loss of position and loss of income. She has suffered severe emotional distress and mental anguish, embarrassment, humiliation, and loss of enjoyment of living.

## CAUSES OF ACTION

19. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – VIOLATIONS OF THE SARBANES OXLEY ACT

20. Plaintiff engaged in activities protected by the Sarbanes-Oxley Act in that she complained of acts performed by Defendant and / or its employees that she reasonably believed were

violative of Federal Securities Law and fraudulent to Defendant's shareholders.

21. Defendant and / or its employees acted adversely towards Plaintiff in that they terminated her employment, at least in part, as a result of Plaintiff's complaints.

22. At all times material hereto, Lowery and Raines were acting for and on behalf of the employer, and their conduct was made possible by their positions with the employer.

23. Plaintiff was qualified for the position she held with the employer, more specifically, she possessed the requisite skill and experience required for the job.

24. As a proximate result of Defendant's violations as stated herein, Plaintiff has been injured in that she has suffered loss of income and benefits and severe mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for a judgment and relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Sarbanes-Oxley Act;

b) For violation of the Sarbanes-Oxley Act, grant in favor of Plaintiff:

    1. Compensatory damages, including special damages, in an amount yet to be ascertained;

    2. Reinstatement, or in lieu thereof, back-pay and benefits including interest thereon;

    3. Front-pay; and

    4. Liquidated damages.

c) Grant Plaintiff the cost of this action including reasonable attorneys' fees;

d) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief as would effectuate the purpose of the statutes invoked, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED this ___9___ day of _October_, 2007.

_____
Andy Nelms
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
847 So. McDonough Street, Suite 100
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
Andynelms@JayLewisLaw.com
ASB-6972-E63K

Defendant may be served at the following address:

Countrywide Home Loans, Inc.
C/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000690
Cashier ID: kalandra
Transaction Date: 10/09/2007
Payer Name: ANDERSON NELMS AND ASSOC LLC
------------------------------------
CIVIL FILING FEE
  For: ANDERSON NELMS AND ASSOC LLC
  Case/Party: D-ALM-2-07-CV-000904-001
  Amount:        $350.00
------------------------------------
CHECK
  Check/Money Order Num: 1200
  Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DIANA WINGARD V. COUNTRYWIDE HOME
LOANS, INC.
```