IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DIANA WINGARD, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 07-CV-904-TFM |
| COUNTRYWIDE HOME LOANS, | |
| Defendant. | |

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW Defendant, Countrywide Home Loans, Inc. ("CHL"), and, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, moves this Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.[1]  In support of this Motion, CHL says as follows:

1. Plaintiff's Complaint asserts a single claim for relief under the Sarbanes-Oxley Act of 2002, Section 806 of the Corporate and Criminal Fraud Accountability Act, 18 U.S.C. § 1514A, *et seq*. ("SOX").  Plaintiff contends that CHL violated SOX by terminating her employment with CHL allegedly as a result of protected activity by Plaintiff.  (*See* Complaint, Count I).

2. "Before an employee can assert a cause of action in federal court under the Sarbanes-Oxley Act, the employee must file a complaint with [OSHA] and afford OSHA the opportunity to resolve the allegations administratively."  *Bozeman v. Per-se Technologies, Inc.*,

---

[1] **Plaintiff's claim is subject to a binding arbitration agreement.  CHL hereby reserves the right to move the Court to compel arbitration and stay this action in the event that the Court determines that it has subject matter jurisdiction over the Complaint.  Nothing in this Motion should be construed as evidencing an intent on the part of CHL to waive its right to proceed with arbitration under the agreement with Plaintiff.**

456 F.Supp.2d 1282, 1356 (N.D. Ga. 2006) (citing *Willis v. Vie Financial Group, Inc.*, 2004 WL 1774575, at *6 (E.D. Pa. Aug. 6, 2004)); *see also* 18 U.S.C. § 1514A(b)(1)(A).

    3.    If the employee timely files an administrative complaint with OSHA, and a final administrative decision has <u>not</u> been issued within 180 days of the filing of the complaint, then and only then is the employee authorized to proceed with an action in federal court. *See Bozeman*, 456 F.Supp.2d at 1357; 18 U.S.C. § 1514A(b)(1)(B).

    4.    The Complaint fails to allege any facts demonstrating that Plaintiff has satisfied SOX's administrative requirements or that a final order was not entered within 180 days of filing an administrative complaint. Thus, based on the face of the complaint, Plaintiff has failed to allege a sufficient basis for this court to exercise subject matter jurisdiction over Plaintiff's claim. *See Katrensky v. McBride*, 2007 WL 3005151, *1 (M.D. Ala. Oct. 11, 2007) (dismissing complaint for lack of subject matter jurisdiction upon finding that plaintiff failed to exhaust administrative remedies under Federal Tort Claims Act); *Bozeman*, 456 F.Supp.2d at 1357 (stating that plaintiff did not meet burden of establishing subject matter jurisdiction existed because he failed to allege or prove that SOX exhaustion requirements were satisfied); *Powers v. NWA, Inc.*, 2006 WL 984738, at *3 (W.D. Tenn. April 13, 2006) (finding that complaint failed to sufficiently allege subject matter jurisdiction over SOX claim because complaint failed to allege date administrative proceedings were initiated or the status of the proceedings at the time of filing the complaint).

    5.    The evidence submitted herewith demonstrates conclusively that subject matter jurisdiction is lacking because OSHA entered a final order on Plaintiff's administrative complaint within 180 days of the date her administrative complaint was filed. *See* 18 U.S.C. §

1514A(b)(1)(B); 29 C.F.R. § 1980.114.  Thus, this Court lacks subject matter jurisdiction over Plaintiff's Complaint and this action is due to be dismissed.

6.  In support of this Motion, CHL has filed concurrently herewith a Memorandum of Law and the following evidentiary support:[2]

    a.  Plaintiff's April 2, 2007 OSHA Complaint, attached hereto as Exhibit A;

    b.  Secretary's Findings dated August 20, 2007, attached hereto as Exhibit B;

    c.  Electronic mail from Anne Edgette, Regional Investigator, U.S. Department Labor/OSHA, with corresponding United States Postal Service Track & Confirm Report, indicating that Plaintiff received OSHA's August 20, 2007 Findings on August 28, 2007, attached hereto as Exhibit C; and

    d.  Letter from Chief Administrative Law Judge John M. Vittone dated October 29, 2007, attached hereto as Exhibit D.

WHEREFORE, the above premises and Defendant's Memorandum of Law considered, Countrywide Home Loans respectfully moves this Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

        s//Kary Bryant Wolfe
        Kary Bryant Wolfe  (ASB-5034-O71K)

        Attorney for Defendant

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

---

[2]  Counsel for Countrywide has submitted a Freedom of Information Act request to OSHA which seeks certified copies of Exhibits A and B as well as a certified copy of the Certified Mail Receipt demonstrating that Plaintiff received OSHA's August 20, 2007 Findings on August 28, 2007.  Counsel has not yet received a response to the FOIA request and has been informed that a response should not be expected before November 13, 2007.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of October, 2007, I electronically filed the foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
Law Offices of Jay Lewis, LLC
847 S. McDonough St. Ste. 100
Montgomery, AL 36104

                                                s//Kary Bryant Wolfe
                                                Of Counsel

# Law Offices of Jay Lewis, LLC

Jay Lewis
Carol Gerard*
K. Anderson Nelms

*also Licensed in Connecticut, Florida, New York

P.O. Box 5059
Montgomery, AL 36103
Voice – 334-263-7733
Fax – 334-832-4390

April 2, 2007

OSHA
Birmingham Area Office
950 22nd Street, North
Birmingham, AL 35203

*Via Facsimile (205) 731-0504 and United States Postal Service*

Alleged Violation of <u>Sarbanes-Oxley Act of 2002</u>
<u>Corporate and Criminal Fraud Accountability Act</u>, 18 U.S.C. §514A

Complainant/Employee: Diana Kay Wingard,
1247 Lightwood Road, Deatsville, AL 36022

Respondent/Employer: Countrywide.  Date of Retaliation: January 6, 2007

Dear OSHA Compliance Investigator:

May this letter serve as a formal complaint filed by whistleblower Diana Kay Wingard regarding her former employer Countrywide. This complaint is filed in compliance to 18 U.S.C. §1514A. Ms. Wingard may be reached through the above-listed attorney. Ms. Wingard alleges that she was fired for complaining to her supervisor occasions prior to January 6, 2007. Ms. Wingard complained that certain procedural and accounting irregularities were being committed by employees of Countrywide for the express purpose of falsely inflating revenue and profits. Ms. Wingard complained to her supervisors. These supervisors knew or should have known that Ms. Wingard's complaint was a protected activity pursuant to 18 U.S.C. §1514A. Ms. Wingard complained to her supervisors of the fraudulent activity on more than one occasion. Ms. Wingard continued to express her concerns to supervisors but was instructed to keep quiet. At one point she was denied access to information related to the fraudulent accounting although it was her professional responsibility to oversee this particular area of the business. She was fired on January 6, 2007 as the direct result of her complaints of fraud.

Please contact me should you have any questions. Your anticipated cooperation is greatly appreciated.

Sincerely,

Andy Nelms

**US Department of Labor**   Occupational Safety and Health Administration
Sam Nunn-Atlanta Federal Center
61 Forsyth Street, SW Room 6T50
Atlanta, Georgia 30303
(404) 562-2300   FAX (404) 562-2295



AUG 2 0 2007

Ms. Diana Wingard
1247 Lightwood Road
Deatsville, AL 36022

RE: Countrywide Home Loans, Inc./Wingard/4-0350-07-014

Dear: Ms. Wingard:

This is to advise you that we have completed our investigation of the above-referenced complaint filed by you (Complainant) against, Countrywide Home Loans, Inc., (Respondent) on April 2, 2007, under the employee protection provisions of Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002, 18 U.S.C. §1514A (SOX). In brief, you alleged that Respondent retaliated against you in reprisal for voicing concerns regarding certain procedural accounting irregularities that were being committed by employees of Respondent for the express purpose of falsely inflating revenue and profits.

Following an investigation by a duly authorized investigator, the Secretary of Labor, acting through her agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), Region IV, finds that that there is no reasonable cause to believe that Respondent violated SOX and issues the following findings:

### Secretary's Findings

Respondent is a company within the meaning of 18 USC §1514A in that it is a company with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) and is required to file reports under Section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)).



Complainant was employed by Respondent as Vice-President, Regional Operations Center and assigned to its Montgomery, Alabama Regional Operations Center. Complainant is an employee covered under 18 USC §1514A.

On April 2, 2007, Complainant filed a complaint with the Secretary of Labor alleging that Respondent discriminated against her in violation of SOX. As this complaint was filed within 90 days of the alleged adverse action, it is deemed timely.

Respondent hired Complainant on November 14, 2006. Complainant alleged that her employment ended as a result of voicing concerns about "certain procedural and accounting irregularities" that existed "for the express purpose of falsely inflating revenue and profits." Complainant asserted that during the first thirty days of her employment she observed operational issues and possible violations of Federal or State regulations in the processing of loan applications. Specifically, she alleged that Respondent had not mailed certain notices and made certain calls to borrowers, as required. Complainant alleged that she reported this concern to her supervisor. Complainant also alleged that a co-worker had stated that she felt pressured by Respondent to "push" loans through; although the co-worker denies making such a statement. Complainant also alleged that she had observed incomes on loan applications to be overstated and employment could not be supported on customer loan applications.

The evidence shows that on December 1, 2006, Complainant began an email exchange with her supervisor about concerns she had about two specific loan application files that she was auditing. On December 5, Complainant met with her supervisor to discuss the two loans. According to Respondent, it was determined at this meeting that one of the loans had been closed incorrectly as a "purchase" loan instead of a refinance loan, and would be designated as "severely unsatisfactory" for subsequent review. It was also determined that, although the Complainant had concerns that the second loan did not have adequate documentation of the borrower's income, that this information was not required because the application had been processed under Respondent's "reduced document program." Respondent alleged



that Complainant misunderstood Respondent's loan programs, specifically the "Fast and Easy Loan Programs," and had only been employed by Respondent for two weeks when she raised her concerns about the loan applications.

Complainant also alleged she voiced concerns of fraud to one of her co-workers, who was a Team Manager for Respondent. According to Respondent, the Team Manager then related Complainant's allegations of fraud to Complainant's supervisor. However, confronted by Respondent during a meeting on December 7, 2006, Complainant denied making any allegations of fraud or knowledge of fraudulent activity within the company.

The evidence shows that Complainant concerns were vague and not protected by SOX. Complainant's email exchange with her supervisor about the two loans did not constitute protected activity as she did not provide information in these emails about any conduct she reasonably believed constituted violation of 18 USC §1341, §1343, §1344 or § 1348, or any rule or regulation of the Securities and Exchange Commission (SEC), or any provision of Federal law relation to fraud against shareholders.

However, Respondent contends that during her employment, Complainant made no formal or informal complaint of fraud by Respondent against its shareholders and that her employment terminated for a legitimate business reason.

A preponderance of the gathered evidence demonstrates Respondent terminated Complainant for legitimate business, non-discriminatory reasons unrelated to her alleged protected activity. She was terminated for violating the Respondent's stated timekeeping policy when she admittedly advised her employees to use a floating holiday in violation of company policy. The company timekeeping policy states that "the falsification of time cards is a terminable offence". In an email dated December 28, 2006, Complainant accepted full responsibility for the timekeeping error. Respondent terminated Complainant's employment on January 4, 2007, based on her violation of Respondent's policy regarding time cards.



There is no evidence that Complainant engaged in protected activity. A preponderance of the evidence supports Respondent's position that Complainant's termination was for a legitimate business reason. Consequently, this complaint is dismissed.

Respondent and Complainant have 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review. Objections must be filed in writing with:

>    Chief Administrative Law Judge
>    U. S. Department of Labor
>    800 K Street NW, Suite 400
>    Washington, D.C. 20001
>    PH: (202) 693-7542; Facsimile: (202) 693-7365

With a copy to:

>    K. Anderson Nelms
>    c/o Law Offices of Jay Lewis, LLC
>    PO Box 5059
>    Montgomery, AL 36103
>
>    Ann Marie Painter
>    c/o Baker and McKenzie, LLP
>    2001 Ross Avenue
>    Dallas, TX 75201
>
>    Cindy Coe Laseter, Regional Administrator
>    U. S. Department of Labor/OSHA
>    61 Forsyth Street, SW, Room 6T50
>    Atlanta, Georgia 30303
>
>    U.S. Department of Labor, Associate Solicitor
>    Division of Fair Labor Standards
>    200 Constitution Avenue, NW N2716
>    Washington, DC 20210

In addition, please be advised that the U.S. Department of Labor generally does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an ALJ, in which the



parties are allowed an opportunity to present their evidence de novo for the record. The ALJ who conducts the hearing will issue a decision based on the evidence, arguments, and testimony presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board, to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under SOX. A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint. The rules and procedures for the handling of SOX cases can be found in Title 29, Code of Federal Regulations Part 1980, a copy of which was sent to you earlier, and may be obtained at www.osha.gov.

Sincerely,

TERESA A. HARRISON
Deputy Regional Administrator

cc: Countrywide Home Loans, Inc.
7515 Halcyon Summit Drive, Suite 303
Montgomery, AL 36117

Ann Marie Painter
c/o Baker and McKenzie, LLP
2001 Ross Avenue
Dallas, TX 75201

Deputy Director
Division of Enforcement
Securities and Exchange Commission
450 Fifth Street, NW
Washington, DC  20549

Administrative Law Judge, USDOL
USDOL/SOL



# Kary B. Wolfe

**From:** Edgette, Anne - OSHA [Edgette.Anne@dol.gov]
**Sent:** Tuesday, October 23, 2007 9:02 AM
**To:** Kary B. Wolfe
**Subject:** RE: Diane Wingard v. Countrywide Home Loans, Inc.

Kary,

This is what I have been told thus far:

**The US Postal returned receipt for Complainant is 70022410000275624684. This Label/Receipt Number: 7002 2410 0002 7562 4684 Status: Delivered, It was delivered at 12:05 PM on August 28, 2007 in GULF SHORES, AL 36542.**

**The US Postal returned receipt for Respondent is 70022410000275624691. This Label/Receipt Number: 7002 2410 0002 7562 4691 Status: Delivered. It was delivered at 10:13 AM on August 23, 2007 in DALLAS, TX 75201.**
We're still searching for the rest.

Thanks,
Anne

## Anne Edgette

Regional Investigator

U.S. Department Labor/OSHA

Tel: 205 731 1534 ext 153

Fax: 205 731 0504

---

**From:** Kary B. Wolfe [mailto:kwolfe@walstonwells.com]
**Sent:** Monday, October 22, 2007 4:23 PM
**To:** Edgette, Anne - OSHA
**Subject:** Diane Wingard v. Countrywide Home Loans, Inc.

Dear Anne,

As I mentioned on the phone, my firm has been retained to represent Countrywide in a lawsuit filed by Diana Wingard in the M.D. of Alabama. Ms. Wingard has alleged that Countrywide terminated her employment in violation of the SOX whistleblower provision. Countrywide's responsive pleading is due no later than October 31, 2007.

I understand from our conversations that Ms. Wingard did not file any objection to the findings entered on August 20, 2007. So that I can determine the date upon which the Findings became a final order, I need to determine the

date upon which Ms. Wingard received the Findings. If you could provide that information to me at your earliest convenience I would greatly appreciate it.

In addition, so that I can present evidence to the district court that the August 20 findings became a final order by virtue of Ms. Wingard's failure to object, I would appreciate your assistance in obtaining certified copies of the following documents:

1 - Ms. Wingard's original OSHA complaint dated April 2, 2007;
2 - August 20, 2007 Findings;
3 - Certified mail receipt slip showing the date Ms. Wingard received the Findings.

I will of course pay any fee associated with issuing certified copies. Thank you for your assistance with this matter and please feel free to contact me if you have any questions.

Kary Bryant Wolfe, Esq.
WALSTON, WELLS & BIRCHALL, LLP
One Federal Place
1819 5th Avenue North, Suite 1100
Birmingham, AL 35203
205.244.5281 (direct dial)
205.244.5481 (fax)
205.244.5200 (main number)

CONFIDENTIALITY NOTICE
The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us at 205-250-9281 Thank you.


NOTICE:
This e-mail message and any attachments to it may contain confidential information. The information contained in this transmission is intended solely for the use of the individual(s) or entities to which the e-mail is addressed. If you are not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that you are prohibited from reviewing, retransmitting, converting to hard copy, copying, disseminating, or otherwise using in any manner this e-mail or any attachments to it. If you have received this message in error, please notify the sender by replying to this message and delete it from your computer.

10/29/2007



Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **7002 2410 0002 7562 4684**
Status: **Delivered**

Your item was delivered at 12:05 PM on August 28, 2007 in GULF SHORES, AL 36542.



Enter Label/Receipt Number.

(

**POSTAL INSPECTORS**
Preserving the Trust

site map   contact us   government services   jobs   **National & Premier Accounts**
Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use   Privacy Policy

**U.S. Department of Labor**  Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



October 29, 2007

Ms. Kary Wolfe, Esquire
Walston Wells & Birchall, LLP
PO Box 830642
Birmingham, AL 35283-0642

Dear Ms. Wolfe:

In response to your telephone inquiry to this office on October 26, 2007, there is no record of any matter currently pending before the Office of Administrative Law Judges ("OALJ") between Diana Wingard and Countrywide Home Loans as of the date of this letter.

Sincerely,

*John M. Vittone*
John M. Vittone
Chief Administrative Law Judge