IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DIANA WINGARD, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 07-CV-904-TFM |
| COUNTRYWIDE HOME LOANS, | |
| Defendant. | |

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant, Countrywide Home Loans ("CHL"), and submits this Memorandum of Law in support of its Motion to Dismiss for Lack of Subject-Matter Jurisdiction.[1]

**I.    INTRODUCTION**

Plaintiff, Diana Wingard, alleges that her employment with CHL was terminated on or around January 2, 2007 in violation of the "Whistleblower" provision of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A ("SOX"). (Complaint, ¶¶ 1, 16, 21). Plaintiff's Complaint is facially deficient because it fails to allege that she has exhausted her administrative remedies as required to confer subject-matter jurisdiction on this Court. Moreover, the evidence submitted by CHL clearly demonstrates that this Court is lacking subject-matter jurisdiction over Plaintiff's claim.

---

[1] **Plaintiff's claim is subject to a binding arbitration agreement. CHL hereby reserves the right to move the Court to compel arbitration and stay this action in the event that the Court determines that it has subject matter jurisdiction over the Complaint. Nothing in this Memorandum should be construed as evidencing an intent on the part of CHL to waive its right to proceed with arbitration under the agreement with Plaintiff.**

**II.    BURDEN OF PROOF ON 12(B)(1) MOTION TO DISMISS**

The existence of subject-matter jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S.Ct. 1003 (1998). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *See Gilmore v. Day*, 125 F.Supp.2d 468, 471 (M.D. Ala. 2000).

This Court has delineated two types of Rule 12(b)(1) motions to dismiss:

> A Rule 12(b)(1) motion takes two forms: a "facial attack" or a "factual attack." A "facial attack" requires the court to assess whether the plaintiff has alleged sufficient basis for the subject-matter jurisdiction and the allegations in his complaint are taken as true for the purposes of the motion. A "factual attack" challenges the existence of subject-matter jurisdiction based on matters outside the pleadings. No such presumption of truth exists in a factual attack, and the court may hear conflicting evidence and decide the issues that determine jurisdiction.

*Johnson v. Hairston*, 2007 WL 748479, *3 (M.D. Ala. March 8, 2007) (internal citations omitted).

The failure of a plaintiff to exhaust administrative remedies prior to filing suit prevents the court from exercising subject-matter jurisdiction. *See Katrensky v. McBride*, 2007 WL 3005151, *1 (M.D. Ala. Oct. 11, 2007) (dismissing complaint for lack of subject matter jurisdiction upon finding that plaintiff failed to exhaust administrative remedies under Federal Tort Claims Act); *Johnson*, 2007 WL 748479 at *3 ("[W]hen a litigant attempts to bring suit without first exhausting available administrative remedies, the federal court is powerless to act.").

### III. ARGUMENT

#### A. Sarbanes-Oxley's Administrative Scheme

"Before an employee can assert a cause of action in federal court under the Sarbanes-Oxley Act, the employee must file a complaint with [OSHA} and afford OSHA the opportunity to resolve the allegations administratively." *Bozeman v. Per-se Technologies, Inc.*, 456 F.Supp.2d 1282, 1356 (N.D. Ga. 2006) (citing *Willis v. Vie Financial Group, Inc.*, 2004 WL 1774575, at *6 (E.D. Pa. Aug. 6, 2004)); *see also* 18 U.S.C. § 1514A(b)(1)(A). An administrative complaint must be filed with OSHA "[w]ithin 90 days after an alleged violation of the Act occurs." 29 C.F.R. § 1980.103(c, d); *see also* 18 U.S.C. § 1514A(b)(2).

Under the procedure set forth in 29 C.F.R. § 1980.105(a), after conducting an investigation, OSHA will issue "written findings of whether or not there is reasonable cause to believe that the named person has discriminated against the complainant in violation of the Act." If "the Assistant Secretary concludes that a violation has not occurred, the Assistant Secretary will notify the parties of that finding." *Id.*, § 1980.105(a)(2). Then, according to 29 C.F.R. § 1980.106(a), "[a]ny party who desires review, including judicial review, of the findings and preliminary order … must file any objections and/or a request for a hearing on the record within 30 days of receipt of the findings and preliminary order." Finally, "if no timely objection is filed with respect to either the findings or the preliminary order, the findings or preliminary order, as the case may be, shall become the final decision of the Secretary, **not subject to judicial review.**" 29 U.S.C. § 1980.106(b)(2) (emphasis added).

If the employee satisfies SOX's administrative complaint requirements, and a final administrative decision has *not been entered* within 180 days of the filing of the

3

complaint, SOX authorizes the employee to proceed with an action in federal court for *de novo* review. 18 U.S.C. § 1514A(b)(1)(B); 29 C.F.R. § 1980.114. Conversely, a federal district court lacks jurisdiction over a SOX claim if: (1) the plaintiff failed to file an administrative complaint within ninety days of the alleged violation; (2) the Secretary issued a final decision within 180 days of the filing the complaint; (3) the plaintiff filed suit in a federal district court less than 180 days after filing such a complaint; or (4) the Secretary failed to issue a final decision within 180 days due to the plaintiff's bad faith. *See Murray v. TXU Corp.*, 279 F.Supp.2d 799 (N.D. Tex. 2003); *see also Bozeman v. Per-Se Technologies, Inc.*, 456 F.Supp.2d 1282, 1357 (N.D. Ga. 2006) (plaintiff's failure to name individual defendants in SOX administrative complaint prevented court from exercising subject-matter jurisdiction over claims against those individuals); *Powers v. NWA, Inc.*, 2006 WL 984738 (W.D. Tenn. April 13, 2006) ("[F]ederal district courts have subject-matter jurisdiction of SOX claims *only* when an action is commenced pursuant to 29 U.S.C. 1980.114(a).").

    B.    **Plaintiff's Complaint Fails To Allege A Sufficient Basis For Subject-Matter Jurisdiction**

Plaintiff's Complaint is completely devoid of any allegation concerning exhaustion of Plaintiff's administrative remedies. Plaintiff has not alleged that she timely objected to findings issued by the Secretary or that a final administrative decision was not entered within 180 days of the filing of an administrative complaint. She has not even alleged that she filed a timely administrative complaint with OSHA. These pleading deficiencies preclude the Court from determining, facially, whether or not it has subject-matter jurisdiction over Plaintiff's SOX claim. *See Johnson*, 2007 WL 748479 at *3 (plaintiff's failure to allege that he filed an administrative claim prior to filing suit under

Federal Tort Claims Act required dismissal under 12(b)(1)); *Powers*, 2006 WL 984738 at *3 (complaint failed to establish subject-matter jurisdiction over SOX claims because plaintiff failed to allege facts sufficient to determine that administrative complaint requirement was satisfied or that no final decision had been entered within 180 days).

    **C.    This Court Lacks Subject-Matter Jurisdiction Because A Final Decision Was Issued Within 180 Days Of Plaintiff's Complaint**

In addition to the fact that Plaintiff's Complaint is facially deficient, the evidence submitted by CHL establishes that this Court is lacking subject-matter jurisdiction over Plaintiff's SOX claim because a final administrative decision was issued within 180 days of Plaintiff's administrative complaint.

Counsel for Plaintiff filed a complaint with OSHA on Plaintiff's behalf, which complaint was dated April 2, 2007. (*See* Exhibit A to Motion to Dismiss). Accordingly, if a final decision was issued by the Secretary on or before September 29, 2007 (180 days from April 2), Plaintiff has no right to proceed in federal court.

On August 20, 2007, the Secretary of Labor, acting through her agent the Regional Administrator for the Occupational Safety and Health Administration (OSHA), issued and mailed her findings on Plaintiff's administrative complaint. (*See* Exhibit B to Motion to Dismiss). Plaintiff received the Secretary's Findings on August 28, 2007. (*See* Exhibit C to Motion to Dismiss). Plaintiff failed to file or serve objections within 30 days of receipt of the Secretary's Findings. (*See* Exhibit D to Motion to Dismiss). **As a result, the Secretary's Findings became a final decision on September 28, 2007 – the 179th day after Plaintiff's complaint was filed with OSHA.** *See* 29 C.F.R. § 1980.106(b)(2).

Because a final decision was issued by the Secretary within 180 days of filing the complaint, Plaintiff has no right to a *de novo* review of her claim in federal court. 18 U.S.C. § 1514A(b)(1)(B). Moreover, the final decision of the Secretary is not subject to judicial review, pursuant to 29 C.F.R. § 1980.106(a) and (b)(2). Thus, subject-matter jurisdiction is lacking and the Complaint is due to be dismissed.

### IV.     CONCLUSION

Plaintiff has the burden of establishing the existence of subject-matter jurisdiction over her SOX claim. Plaintiff's claim is facially deficient because she has failed to allege that she has exhausted her administrative remedies under SOX. Moreover, the evidence submitted by CHL establishes that Plaintiff does not have the right to bring an action under SOX because a final decision was issued by the Secretary of Labor within 180 days of the filing of Plaintiff's administrative complaint. As this Court is without subject-matter jurisdiction over the sole claim asserted by Plaintiff, Plaintiff's Complaint is due to be dismissed.

                                                          s//Kary Bryant Wolfe
                                                          Kary Bryant Wolfe  (ASB-5034-O71K)

                                                          Attorney for Defendant

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October, 2007, I electronically filed the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
Law Offices of Jay Lewis, LLC
847 S. McDonough St. Ste. 100
Montgomery, AL 36104

                s//Kary Bryant Wolfe
                Of Counsel