IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DIANA WINGARD,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS,<br><br>        Defendant. | CIVIL ACTION NO.<br>07-CV-904-MHT |

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW Defendant, Countrywide Home Loans, Inc. ("CHL"), and, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, moves this Court to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.[1] In support of this Motion, CHL says as follows:

1. In response to CHL's first Motion to Dismiss, Plaintiff filed her Amended Complaint on November 9, 2007. Plaintiff did not otherwise respond to the first Motion to Dismiss by the Court's deadline.

2. The Amended Complaint, like the original Complaint, contains a single claim for relief under the Sarbanes-Oxley Act of 2002, Section 806 of the Corporate and Criminal Fraud Accountability Act, 18 U.S.C. § 1514A, *et seq*. ("SOX").

3. In its first Motion to Dismiss, CHL demonstrated that the allegations of the Complaint were insufficient to establish that the Court has subject-matter jurisdiction. CHL also

---

[1] **Plaintiff's claim is subject to a binding arbitration agreement. CHL hereby reserves the right to move the Court to compel arbitration and stay this action in the event that the Court determines that it has subject matter jurisdiction over the Amended Complaint. Nothing in this Motion should be construed as evidencing an intent on the part of CHL to waive its right to proceed with arbitration under the agreement with Plaintiff.**

offered affirmative evidence that the Court lacks subject-matter jurisdiction over this action because a final administrative decision was issued within 180 days of the filing of the OSHA complaint. *See Bozeman v. Per-Se Technologies, Inc.*, 456 F.Supp.2d 1282, 1357 (N.D. Ga. 2006); 18 U.S.C. § 1514A(b)(1)(B).

4.   The Amended Complaint continues to suffer from pleading deficiencies and fails to overcome the factual showing made by CHL that subject-matter jurisdiction is lacking.

WHEREFORE, CHL moves to dismiss the Amended Complaint on the grounds listed herein. In further support of this motion, CHL adopts and incorporates: (1) its first Motion to Dismiss (Doc. # 5); and (2) its Memorandum of Law in Support of Motion to Dismiss (Doc. # 6).

## ARGUMENT

**I.   THE AMENDED COMPLAINT FAILS TO ALLEGE A SUFFICIENT BASIS FOR SUBJECT-MATTER JURISDICTION**

Although Plaintiff has remedied some of the pleading deficiencies in her original Complaint, deficiencies in the Amended Complaint preclude the Court from determining whether subject-matter jurisdiction exists.[2] Plaintiff now alleges that she filed an administrative complaint with OSHA within 90 days of the alleged adverse action. (Amended Complaint, ¶ 19). Plaintiff further alleges that on August 28, 2007, she received the Secretary's Findings. (Amended Complaint, ¶ 20). *Plaintiff fails to allege, however, whether or not she filed timely objections to the Secretary's Findings or requested a hearing with an Administrative Law Judge.* See 29 C.F.R. § 1980.106(a) ("[a]ny party who desires review, including judicial review,

---

[2]   *See Johnson v. Hairston*, 2007 WL 748479, *3 (M.D. Ala. March 8, 2007) (plaintiff's failure to allege that he filed an administrative claim prior to filing suit under Federal Tort Claims Act required dismissal under 12(b)(1)); *Powers v. NWA, Inc.*, 2006 WL 984738, *3 (W.D. Tenn. April 13, 2006) (complaint failed to establish subject-matter jurisdiction over SOX claims because plaintiff failed to allege facts sufficient to determine that administrative complaint requirement was satisfied or that no final decision had been entered within 180 days).

of the findings and preliminary order, … must file any objections and/or a request for a hearing on the record within 30 days of receipt of the findings and preliminary order.").

This continued omission is significant because "if no timely objection is filed with respect to either the findings or the preliminary order, the findings or preliminary order, as the case may be, shall become the final decision of the Secretary, not subject to judicial review." 29 C.F.R. § 1980.106(b)(2). In the absence of a timely objection by Plaintiff, the Secretary's Findings became a final decision on September 28, 2007, which is less than 180 days after the filing of the administrative complaint. Entry of a final decision within 180 days deprives the Court of subject matter jurisdiction under the plain language of the Act. *See* 18 U.S.C. § 1514A(b)(1)(B).[3] Thus, the Amended Complaint is due to be dismissed for failure to plead a sufficient basis for subject-matter jurisdiction.

## II.    THIS COURT LACKS SUBJECT-MATTER JURISDICTION BECAUSE A FINAL DECISION WAS ISSUED WITHIN 180 DAYS OF PLAINTIFF'S COMPLAINT

The affirmative evidence submitted with CHL's first Motion to Dismiss establishes that this Court is lacking subject-matter jurisdiction over Plaintiff's SOX claim because a final administrative decision was issued within 180 days of Plaintiff's administrative complaint. Specifically, the evidence proves that Plaintiff did not file objections or request a hearing in response to the Secretary's Findings and, therefore, the Findings became a final decision on September 28, 2007. (*See* Exhibits B and D to Motion to Dismiss Complaint). Because a final

---

[3] 18 U.S.C. § 1514A(b)(1)(B) provides as follows:

>   (1) In general – A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by--
>   (A) filing a complaint with the Secretary of Labor; or
>   (B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

decision was issued by the Secretary within 180 days of filing the complaint, Plaintiff has no right to a *de novo* review of her claim in federal court. *See* 18 U.S.C. § 1514A(b)(1)(B). Moreover, the final decision of the Secretary is not subject to judicial review, pursuant to 29 C.F.R. § 1980.106(a) and (b)(2). Thus, subject-matter jurisdiction is lacking and the Complaint is due to be dismissed.

### III. THE FAILURE OF THE SECRETARY TO ISSUE FINDINGS WITHIN 60 DAYS DOES NOT DIVEST THE SECRETARY OF AUTHORITY TO ACT

In apparent recognition of the fact that the Amended Complaint does not satisfy the jurisdictional requirements of SOX, Plaintiff attempts to <u>create</u> subject-matter jurisdiction by arguing that the Secretary's Findings are void. (Amended Complaint, ¶ 20-24). Plaintiff contends, in the Amended Complaint, that the Secretary did not act in a timely manner and, therefore, its findings are of no effect. Plaintiff's argument is not supported by the plain language of statute or regulations, and past decisions of the U.S. Supreme Court and Eleventh Circuit Court of Appeals on this point establish a contrary rule.

#### A. The Statute And Regulations Do Not Specify Any Consequences For Failing To Meet The 60-Day Deadline

Under the procedure prescribed in 49 U.S.C. § 42121 and set forth in 29 C.F.R. § 1980.105(a), "the Assistant Secretary shall issue, within 60 days of the filing of the complaint, written findings as to whether or not there is reasonable cause to believe that the named person has discriminated against the complainant in violation of the Act."[4] Admittedly, the Findings in this case were not issued within 60 days of the filing of the complaint.[5] This fact is of little import, however, because neither the Act nor the regulations mandate any consequences if the Assistant Secretary is unable to issue findings within 60 days.

---

[4] SOX provides that the administrative complaint process shall be governed under the rules and procedures set forth in the Whistleblower Protection Program ("WPP"), 49 U.S.C. § 42121.
[5] The findings were issued on August 20, 2007, 140 days after the administrative complaint was filed.

Nothing in the plain language of the statute requires a finding that Congress intended for the Secretary to lose authority to act after 60 days. To the contrary, the law provides the alternative enforcement method of filing a civil action only after 180 days have expired since the filing of the complaint. *See* 18 U.S.C. § 1514A(b)(1)(B). The rule advanced by Plaintiff would produce the equivalent of procedural purgatory during the period between 60 and 180 days. Instead of this illogical result, the statute instructs that a mandamus proceeding is the proper mechanism to enforce any nondiscretionary duty, such as the Secretary issuing findings in a timely manner. *See* 49 U.S.C. § 42121(c).

Additionally, Plaintiff could have raised the issue of the timeliness of the Secretary's findings and any resulting prejudice on appeal to an Administrative Law Judge, but she failed to file objections or request a hearing. Thus, Plaintiff had ample remedies under SOX to obtain relief for the claimed deficiencies in handling her administrative complaint, but she failed to exhaust those remedies. The timeliness argument is essentially a collateral attack on the agency's determination, which is expressly prohibited under SOX. *See* 29 C.F.R. § 1980.106(b)(2).

**B. Courts Have Rejected The Argument That Statutory Deadlines Imposed On Federal Agencies Are Jurisdictional**

Numerous past decisions on this point have rejected Plaintiff's argument. The Supreme Court, in *Brock v. Pierce County*, 476 U.S. 253, 106 S. Ct. 1834 (1986), held that the failure of an agency to issue investigative findings within a mandatory time period ***did not*** remove the agency's power to act after that time period. The respondent in *Brock* challenged the Secretary of Labor's authority to order it to repay grant funds under the Comprehensive Employment and Training Act (CETA), 29 U.S.C. § 801, *et seq*. *See id.* at 255. Similar to SOX, CETA contains a mandatory deadline of 120 days after receiving a complaint or commencing an audit for the

5

Secretary to issue its findings and order. *Id.* at 256; *see also* 29 U.S.C. § 816(b). The respondent County argued that the Secretary's restitution order should not be enforced because the lengthy delay (almost three years) in issuing the order prejudiced the County. *Id.* at 257.

In seeking to enforce its order, the Secretary relied on Courts of Appeals decisions holding that "agencies do not lose jurisdiction for failure to comply with statutory times limits unless the statute '*both* expressly requires an agency or public official to act within a particular time period *and* specifies a consequence for failure to comply with the provision.'" *Id.* at 259 (quoting *St. Regis Mohawk Tribe, New York v. Brock*, 769 F.2d 37, 41 (2nd Cir. 1985)).[6] The Court noted that these Circuit decisions were based upon a principle frequently expressed by the Court, "which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided." *Id.* at 260 (quoting *United States v. Nashville, C. & St. L.R. Co.*, 118 U.S. 120, 125, 6 S. Ct. 1006, 1008 (1886)). The Court further stated:

> We would be most reluctant to conclude that every failure of an agency to observe a procedural requirement voids subsequent agency action, especially when important public rights are at stake. When, as here, there are less drastic remedies available for failure to meet a statutory deadline, courts should not assume that Congress intended the agency to lose its power to act.

*Id.* The Court further noted that nothing in CETA bars a separate action to enforce the 120-day deadline. *Id.* at 260, n. 7. Likewise, nothing in SOX bars a separate action to enforce the

---

[6] *See also National Cable Television Assn., Inc. v. Copyright Royalty Tribunal*, 724 F.2d 176, 189, n. 23 (D.C. Cir. 1983) (requirement in 17 U.S.C. § 804(e) that tribunal "shall" render decision within one year does not make later decision void); *Marshall v. N.L. Industries, Inc.*, 618 F.2d 1220, 1224-25 (7th Cir. 1980) (failure to meet requirement in 29 U.S.C. § 660(c)(3) that Secretary "shall" make determination within 90 days does not bar subsequent enforcement action); *Marshall v. Local Union 1374, Int'l Assn. of Machinists and Aerospace Workers, AFL-CIO*, 558 F.2d 1354 (9th Cir. 1977) (requirement of 29 U.S.C. § 482(b) that Secretary "shall" bring suit within 60 days does not bar later suit); *Fort Worth National Corp. v. Federal Savings & Loan Ins. Corp.* 469 F.2d 47, 58 (5th Cir. 1972) (requirement in 12 U.S.C. § 1730a that FSLIC act on application within 90 days did not bar subsequent disapproval because statute did not specify any consequences for failure to act within the time period).

deadline.  In fact, the WPP expressly provides that a mandamus proceeding may be brought to enforce any nondiscretionary duty.  *See* 49 U.S.C. § 42121(c).

The Court in *Brock* found that "the mere use of the word 'shall' in § 106(b), standing alone, is not enough to remove the Secretary's power to act after 120 days."  *Id.* at 262.  Considering the absence of any evidence in the statute or legislative history that Congress intended the deadline to be jurisdictional, the Court concluded that the Secretary is empowered to act after the deadline has expired.  *Id.* at 263, n. 9.  *See also Marshall Durbin Food Corp. v. Interstate Commerce Commission*, 959 F.2d 915, 919 (11th Cir. 1992) (in rejecting argument that failure of ICC to issue final decision within statutorily mandated time frame deprived agency of jurisdiction, court relied on "the silence of section 10904 as to sanctions for late decisions-- coupled with our considered reluctance to engraft our own jurisdictional limitations on the substantive authority of a federal agency…."); *Fort Worth National Corp. v. Federal Sav. & Loan Ins. Corp.*, 469 F.2d 47, 58 (5th Cir. 1972) (stating the rule that "[a] statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period and specifies a consequence for failure to comply with the provision.").

As in *Brock*, *Marshall Durbin* and *Fort Worth National Corp.*, in the present case nothing in the statute, regulations or legislative history of SOX compels a finding that Congress intended for the 60 day deadline to be jurisdictional.  Although SOX does not contain any consequences if the Secretary fails to meet the 60-day deadline, it does grant to the complainant the right to file a civil action if a decision is not reached within 180 days.  In light of this provision, as well as the absence of consequences attached to the 60-day deadline and the WPP's provision directing that mandamus is the proper remedy to enforce any nondiscretionary duty,

there is no basis for concluding that Congress intended that the Secretary would lose authority to issue findings after only 60 days.

### C. The Decisions Cited In The Amended Complaint Do Not Support Plaintiff's Argument

Plaintiff cites to case law in the Amended Complaint which she suggests supports her argument that the Secretary's failure to issue findings within 60 days deprives the Secretary of the authority to act. (Amended Complaint, ¶¶ 21-23). Contrary to Plaintiff's insinuation, the court in *Hanna v. WCI Communities, Inc.* found that subject matter jurisdiction existed ***not*** because the Secretary issued findings after the 60-day deadline, but because no final decision was entered within 180 days. *See Hanna*, 348 F. Supp. 2d 1322, 1327 (S.D. Fla. 2004). The fact that the Secretary issued findings more than 60 days after Hanna filed the administrative complaint was not controlling.

Plaintiff also erroneously cites *United States v. Nashville, C & St. L.R. Co.*, 118 U.S. 120, 126 (1996), in support of her timeliness argument when she states that "the United States Supreme Court has frequently articulated the 'great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided.'" (Amended Complaint, ¶ 23). Unlike the *Brock* decision discussed above, in which the Supreme Court cites this same principle as supportive of an agency's power to act outside the mandatory time period, the cases cited by Plaintiff are wholly unrelated to the present issue. *See Nashville, C & St. L.R. Co.*, 118 U.S. at 126 (holding that that the U.S. is "not bound by any statute of limitations unless congress has clearly manifested its intention that they should be so bound"); *Guaranty Trust Co. of New York v. United States*, 304 U.S. 126, 132, 58 S. Ct. 785 (1938) (noting that the U.S. is "exempt from the consequences of its laches, and from the operation of the statute of limitations … because its

benefit[s] and advantage[s] extend to every citizen…."); *Stanley v. Schwalby*, 147 U.S. 508, 514-15 (1893) (holding that the principle did not prohibit the U.S. and its agents from availing themselves of the State's statute of limitations in a trespass suit). Moreover, Plaintiff seemingly misinterprets the significance of the quoted principle; as the Court explained in *Brock*, this principle acknowledges that when important public rights are at stake, those rights ***should not be abandoned*** merely because the agency is unable to complete its work within a predetermined time period. *See Brock*, 476 U.S. at 260-61, 106 S. Ct at 1839-40.

## IV.   CONCLUSION

Plaintiff has not met her burden of establishing the existence of subject-matter jurisdiction over her SOX claim. The Amended Complaint continues to suffer from deficiencies in pleading jurisdiction, and the proof offered by CHL demonstrates that Plaintiff does not have the right to bring a civil action. Plaintiff's contention that the Secretary's delay renders its Findings void is without support in the act, its regulations, or in case law. As this Court is without subject-matter jurisdiction over the sole claim asserted by Plaintiff, Plaintiff's Amended Complaint is due to be dismissed.[7]

s//Kary Bryant Wolfe
Kary Bryant Wolfe  (ASB-5034-O71K)

Attorney for Defendant

---

[7] Plaintiff alleges, in passing, that she "was denied her rights to due process in that she was not given timely notice by OSHA of its findings as expounded in the foregoing paragraphs." (Amended Complaint, ¶ 23). She does not expressly assert a claim for deprivation of due process in the "Causes of Action" section of the Amended Complaint. Even if her vague statement can be construed as a claim for relief, Plaintiff failed to plead the explicit textual source of constitutional protection allegedly violated and whether the alleged deprivation of such interest constitutes a violation of substantive due process or procedural due process. Furthermore, Plaintiff failed to allege that a person acting under color of law caused a deprivation, or that the sole defendant, CHL, is a state actor. *See Ross v. State of Alabama,* 15 F. Supp. 2d 1173, 1181 n.4 (M.D. Ala. 1998) (citing *Graham v. Connor,* 490 U.S. 386, 394 (1989)). To the contrary, she alleges that CHL is a publicly traded corporation. Plaintiff's invocation of "due process" is clearly a red-herring and should be summarily rejected.

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2007, I electronically filed the foregoing Motion to Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
Law Offices of Jay Lewis, LLC
847 S. McDonough St. Ste. 100
Montgomery, AL 36104

                                                s//Kary Bryant Wolfe
                                                Of Counsel