IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DIANA WINGARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Case No. 2:07-CV-904-MHT |
| | ) |
| COUNTRYWIDE HOME LOANS, | ) |
| INC., a foreign corporation licensed and | ) |
| doing business in the State of Alabama, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

**COMES NOW** Plaintiff, Diana Wingard ("Wingard" or "Plaintiff"), and moves this Court to deny Defendant, Countrywide Home Loans, Inc.'s ("CHL" or "Defendant") *Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction*. In support of this Motion, Plaintiff states as follows:

1. In response to Defendant's first Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiff filed an Amended Complaint (*See* Court Doc. 11) on November 9, 2007. Pursuant to Rule 15(a) of the *Federal Rules of Civil Procedure*, a plaintiff may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served ...."[1] Therefore, Plaintiff's response to Defendant's first Motion to Dismiss for Lack of Subject Matter Jurisdiction was appropriate.

2. Defendant has not demonstrated that Plaintiff has failed to sufficiently plead allegations

---

[1] A Motion to Dismiss is not s responsive pleading and therefore does not, in the absence of a responsive pleading, terminate a plaintiff's right to amend his or her complaint. *Thompson v. Carter*, 284 F.3d 411, 415 n.2 (2d Cir. 2002).

which would deprive this Court of Subject Matter Jurisdiction. As Plaintiff stated within her Amended Complaint, the Secretary of Labor failed to provide Plaintiff with Preliminary Findings within sixty (60) days of Plaintiff's Administrative Complaint. Plaintiff acknowledges that she received Preliminary Findings within the one-hundred eighty (180) day statutory deadline, however, Plaintiff contends that these Preliminary Findings were untimely.

3.  In addition, Plaintiff contends that the plain language of both 29 C.F.R. § 1980.105(a) and 18 U.S.C. § 1514A(b)(1)(B) is ambiguous and capable of more than one reasonable interpretation.

WHEREFORE, Plaintiff moves this Honorable Court to deny *Defendant's Motion to Dismiss Plaintiff's Amended Complaint* on the grounds stated herein. Furthermore, Plaintiff expressly incorporates her Amended Complaint in support thereof.

## ARGUMENT

**I.   PLAINTIFF'S AMENDED COMPLAINT CONTAINS ALLEGATIONS WHICH SUFFICIENTLY ESTABLISH SUBJECT MATTER JURISDICTION**

Plaintiff incorporates herein the allegations she raised in her Amended Complaint. In addition thereto, Plaintiff states additional grounds for subject matter jurisdiction as follows:

**II.  THE PLAIN LANGUAGE OF THE SARBANES-OXLEY ACT IS AMBIGUOUS AND CAPABLE OF MORE THAN ONE INTERPRETATION**

The statutory text of the Sarbanes-Oxley Act (hereinafter, "SOX"), more specifically 29 C.F.R. § 1980.105(a) and 18 U.S.C. § 1514A(b)(1)(B), is ambiguous and lends itself to more than one interpretation. For example, 29 C.F.R. § 1980.105(a) states that "the Assistant Secretary shall issue, within 60 days of the filing of the complaint, written findings as to whether

or not there is reasonable cause to believe that the named person has discriminated against the complainant in violation of the Act." In addition, 18 U.S.C. § 1514(b)(1)(B) provides that "if the Secretary has not issued a final decision within 180 days of the filing of the complaint ... [a person may bring] an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action ...." Therefore, these statutes could be interpreted in a number of ways. For example:

(1) due to the use of the word "shall" in 29 C.F.R. § 1980.105(a), a reasonable interpretation could lead a claimant to believe that he had a right to seek judicial redress upon the expiration of this time period;

(2) due to the lack of enforcement provisions within either 29 C.F.R. § 1980.105(a) or 18 U.S.C. § 1514A(b)(1)(B) for the Secretary's untimely response, a reasonable interpretation could lead a claimant to believe that he has a right to judicial redress either:

    (a) after the sixty (60) day deadline, or

    (b) after the expiration of the one-hundred eighty (180) day deadline;

(3) due to the one-hundred eighty (180) day deadline as specified in 18 U.S.C. § 1514A(b)(1)(B), a reasonable interpretation could lead a claimant to believe that he has no redress during the period between the sixty (60) day and one-hundred eighty (180) day deadlines, and is simply at the mercy of the Secretary.

**A.     Statutory Construction**

In *Chevron, U.S.A., Inc. V. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778, 81 L.Ed 2d 694 (1984), the "Supreme Court established the analytical framework for

judicial review of an administrative agency's interpretation of a statute."[2]  First, the reviewing court must establish whether the intent of Congress is clear from the statute.  If so, Congress's intent controls and the court's inquiry is over.  However, if the reviewing court determines the statute is ambiguous, the court must then determine whether the agency's resolution of the ambiguity is based on a permissible construction of the statute.[3]

      **B.**      **First, the Reviewing Court Must Establish Whether Congress's Intent is Clear from the Statute**

First, we must address the question of whether Congress's intent is clear as expressed within the statutory text of either 29 C.F.R. § 1980.105(a) or 18 U.S.C. § 1514A(b)(1)(B).  As elucidated above, 29 C.F.R. § 1980.105(a) states that "the Assistant Secretary *shall* issue, within *60 days of the filing of the complaint*, written findings as to whether or not there is reasonable cause to believe that the named person has discriminated against the complainant in violation of the Act."  (emphasis added).  A literal interpretation of the statutory text of 29 C.F.R. § 1980.105(a) clearly indicates that Congress intended for the Assistant Secretary to issue findings within the specified time period.  Otherwise, Congress would have omitted either the operative word "shall" or the sixty (60) day time limit.

In addition, 18 U.S.C. § 1514A(b)(1)(B) provides that "if the Secretary has not issued a final decision within 180 days of the filing of the complaint ... [a complainant may bring] an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action ...."  A literal interpretation of the statutory text

---

[2] *Bank of America, N.A. v. F.D.I.C.,* 244 F.3d 1309, 1314 (11th Cir. 2001).

[3] *Chevron*, 467 U.S. at 2781-82.

of 18 U.S.C. § 1514A(b)(1)(B) seems to indicate that Congress intended for a complainant to have the right to seek judicial redress in the event the Secretary failed to issue findings within one-hundred eighty (180) days of the complaint. However, these statutes, whether read separately or in conjunction with one another, are ambiguous for the reasons stated above and could reasonably be interpreted in several different ways by a claimant thus potentially depriving a claimant of redress for violations of the SOX Act.

      **C.    Second, the Reviewing Court Must Determine Whether the Agency's Resolution of the Ambiguity is Based on a Permissible Construction of the Statute**

As expounded above, Congress's intent is ambiguous therefore a reviewing court must determine whether the agency's resolution of the ambiguity, if any, is based on a permissible construction of the statute. In *Bank of America, N.A. v. F.D.I.C.*, 244 F.3d 1309, 1314 (11th Cir. 2001), the 11th Circuit granted the F.D.I.C.'s motion to dismiss, notwithstanding the fact that the act was ambiguous, because the agency <u>had established an interpretive rule</u> which "properly filled [a] gap" in the statute. However, our case is distinguishable from *Bank of American, N.A.* in that the Department of Labor has failed to establish such an interpretive rule or provide other guidance in order to resolve the inconsistencies, ambiguities, or simply fill in the temporal gaps contained with both 29 C.F.R. § 1980.105(a) and 18 U.S.C. § 1514A(b)(1)(B).

**III.    CONCLUSION**

Plaintiff has met her burden of establishing subject matter jurisdiction over her SOX claim. As such, this Court has jurisdiction to hear Plaintiff's claims. Therefore, *Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction* is due to be denied.

RESPECTFULLY SUBMITTED this 18th day of December, 2007.

/s/ Andy Nelms
Keith Anderson Nelms
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
847 So. McDonough Street, Suite 100
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
Andynelms@andersonnelms.com
ASB-6972-E63K

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and accurate copy of the foregoing either by United States Postal Mail or electronically with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Kary Bryant Wolfe
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone:     (205) 244-5200
Fax:           (205) 244-5400

/s/ Andy Nelms
Keith Anderson Nelms
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC

847 So. McDonough Street, Suite 100

Montgomery, Alabama, 36104

334-263-7733 (voice)

334-263-7733 (fax)

Andynelms@andersonnelms.com

ASB-6972-E63K