IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DIANA WINGARD,          ) | |
|     Plaintiff,          ) | |
|               ) | |
|     v.          ) | Civil Case No. 2:07-CV-904_____ |
|               ) | Plaintiff Demands Jury Trial |
| COUNTRYWIDE HOME LOANS,          ) | |
| INC., a foreign corporation licensed and          ) | |
| doing business in the State of Alabama,          ) | |
|     Defendant.          ) | |

## AMENDED COMPLAINT

COMES NOW Plaintiff Diana Wingard (hereinafter, "Wingard" or "Plaintiff"), by and through her attorney of record, and would show unto this Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of Title VIII of the Sarbanes-Oxley Act of 2002, Section 806 of the Corporate and Criminal Fraud Accountability Act, 18 U.S.C. Sections 1514A, et seq., 28 U.S.C. § 1331, 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3. Diana Wingard (hereinafter, "Plaintiff" or "Wingard") is over the age of 19 years and is, and at all times material hereto was, a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama. Plaintiff is protected as an

employee within the meaning of 18 U.S.C. § 1514A.

4. Defendant Countrywide Home Loans, Inc. (hereinafter, "the employer" or "Countrywide" or "Defendant") is, to the best of Plaintiff's knowledge and belief, a New York corporation sited in Montgomery County, Alabama. Defendant is a company within the meaning of 18 U.S.C. § 1514A in that it has a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 781) and is therefore required to file certain reports under Section 15(d) of the Securities Exchange Act of 1945. The employer is being sued for reinstatement, or in the alternative, back-pay and benefits with interest, front-pay, compensation, including special damages, liquidated damages, attorneys fees and costs.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for injunctive and declaratory relief and compensatory damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

6. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

7. On or around November, 2006, Plaintiff began working for Defendant as a Team Manager in the Montgomery, Alabama Regional Operations Center (hereinafter, "ROC"). Plaintiff was hired by and worked underneath the direct supervision of Judy Lowery (hereinafter, "Lowery"), Defendant's Regional First Vice President in Montgomery,

Alabama.

8. Defendant's Montgomery, Alabama location was responsible for coordinating loans which originated at Defendant's various branches. Plaintiff's responsibilities included overseeing the processing, underwriting, funding & shipping of these loans.

9. Shortly after she became employed by Defendant, Plaintiff reasonably believed Defendant, by and through the acts of its agents or employees, was violating Federal Regulations which could result in large fines and loss of revenue to Defendant and / or its shareholders. These violations include, but are not limited to, the following:

   a) Defendant's failure to provide the required "3-day" notices to borrowers;

   b) Defendant's over-statement of borrower's income in order to meet loan approval requirements; and

   c) Defendant's processing of loans with unverifiable borrower employment.

10. Plaintiff reasonably believes that the conduct of which she complained of is illegal and constitutes a violation of Section 1348 of the Sarbanes-Oxley Act in that it promotes fraud against Defendant's shareholders.

11. In addition, Plaintiff was contacted by Wine, an employee at Defendant's Auburn, Alabama location, who indicated that her supervisor was forcing her to "sign-off" on loans Wine reasonably believed to be fraudulent and if she failed to do so "could just get in her car and go home."

12. Immediately upon discovering these alleged violations, Plaintiff complained to Lowery. However, Lowery failed and / or refused to take any action thereon.

13. In or around December, 2006, Defendant's Corporate Office (hereinafter, "Corporate")

contacted its Montgomery, Alabama branch regarding a loan that originated at Defendant's Auburn, Alabama branch. In response to Corporate's request, Plaintiff audited and / or investigated this loan and discovered several issues including, but not limited to, over-inflation of the property's value and questionable or unsupportable income documentation. Plaintiff prepared a report of her findings and provided the same to Lowery.

14. Upon receiving Plaintiff's report and / or learning of her investigation and / or audit, Lowery forbade Plaintiff from talking to the underwriter who originally approved this loan.

15. Subsequently, Plaintiff was asked to attend a meeting with Lowery, Wine, and Chris Raines, Vice President of Operations. During this meeting, Lowery and Raines demanded that Plaintiff discontinue her audit and / or investigation and refrain from advising Defendant's employees to use the "fraud hotline" when they suspected fraud.

16. Plaintiff repeatedly advised Lowery of her beliefs involving Defendant's fraudulent activities and / or violations.

17. On or around January 2, 2007, Defendant fired Plaintiff for allegedly falsifying employee time cards. However, Plaintiff denies that she participated in any such activity.

18. Upon Plaintiff's termination, Defendant reported to the unemployment office that Plaintiff was terminated for the reason stated in the foregoing paragraph. However, the second time the unemployment office contacted Defendant, Defendant stated that Plaintiff was terminated for "mishandling a group of loans." Likewise, Plaintiff denies that she participated in any such activity.

19. Plaintiff's complaint to OSHA's Secretary of Labor alleging that Defendant discriminated against her was filed within ninety (90) day s of the alleged adverse action, therefore it is timely.

20. On August 28, 2007, Plaintiff received OSHA's Secretary of Labor's Findings regarding the claims expounded in Plaintiff's April 2, 2007 Complaint. By virtue and mandate of 49 U.S.C. § 42121 and as elucidated in 29 C.F.R. § 1980.105(A), "[a]fter considering all the relevant information collected during the investigation, the Assistant Secretary *shall* issue, within 60 days of [the complainant's] filing of the complaint, written findings as to whether or not there is reasonable cause to believe that the named person has discriminated against complainant in violation of the Act." (emphasis added).

21. However, "[c]ontrary to the guidelines set forth in 29 C.F.R. § 1980.105(a), ... [Plaintiff] did not receive OSHA's preliminary findings 'within 60 days of the filing of ... [her administrative] complaint." *Hanna v. WCI Communities, Inc.*, 348 F.Supp.2d 1322, 1326 (S.D. Fla. 2004). OSHA's Secretary's Findings were received by Plaintiff one-hundred thirty-eight (138) days subsequent (78 days after the statutory deadline) to the date on which Plaintiff filed her complaint. OSHA's Secretary of Labor's Findings were untimely.

22. The "[s]tatutory language is generally construed according to the plain meaning of the words used by Congress 'absent a clearly expressed legislative intention to the contrary ....'" *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). Plaintiff has found no such contrary legislative intent regarding 29 C.F.R. § 1980.105(a), therefore the statue must be

construed literally.

23. Plaintiff was denied her rights to due process in that she was not given timely notice by OSHA of its findings as expounded in the foregoing paragraphs. The United States Supreme Court has frequently articulated the "great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided." *United States v. Nashville, C. & St. L.R. Co.*, 118 U.S. 120, 126, 6 S.Ct. 1006, 1008, 30 L.Ed. 81 (1996). See also *Guaranty Trust Co. v. United States*, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938); *Stanley v. Schwalby*, 147 U.S. 508, 515, 13 S.Ct. 418, 421, 27 L.Ed. 259 (1893).

24. OSHA's untimely findings have prejudiced not only Plaintiff's rights in preserving evidence for trial, protecting her reputation, obtaining comparable employment, and maintain her overall emotional stability but have also prejudiced the rights of Defendant's shareholders by potentially subjecting them to unnecessary losses.

25. Plaintiff has suffered loss of position and loss of income. She has suffered severe emotional distress and mental anguish, embarrassment, humiliation, and loss of enjoyment of living.

## CAUSES OF ACTION

26. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

### COUNT I – VIOLATIONS OF THE SARBANES OXLEY ACT

27. Plaintiff engaged in activities protected by the Sarbanes-Oxley Act in that she complained of acts performed by Defendant and / or its employees that she reasonably believed were

violative of Federal Securities Law, more specifically Section 1348 of the Sarbanes-Oxley Act, which prohibits fraudulent acts against Defendant's shareholders.

28. Defendant and / or its employees acted adversely towards Plaintiff in that they terminated her employment, at least in part, as a result of Plaintiff's complaints.

29. At all times material hereto, Lowery and Raines were acting for and on behalf of the employer, and their conduct was made possible by their positions with the employer.

30. Plaintiff was qualified for the position she held with the employer, more specifically, she possessed the requisite skill and experience required for the job.

31. As a proximate result of Defendant's violations as stated herein, Plaintiff has been injured in that she has suffered loss of income and benefits and severe mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for a judgment and relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Sarbanes-Oxley Act;

b) For violation of the Sarbanes-Oxley Act, grant in favor of Plaintiff:

    1. Compensatory damages, including special damages, in an amount yet to be ascertained;

    2. Reinstatement, or in lieu thereof, back-pay and benefits including interest thereon;

    3. Front-pay; and

    4.    Liquidated damages.

c)    Grant Plaintiff the cost of this action including reasonable attorneys' fees;

d)    Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief as would effectuate the purpose of the statutes invoked, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED this 9th day of November, 2007.

/s/Andy Nelms  
Keith Anderson Nelms  
Attorney for Plaintiff  
Law Offices of Jay Lewis, LLC  
847 So. McDonough Street, Suite 100  
Montgomery, Alabama, 36104  
334-263-7733 (voice)  
334-263-7733 (fax)  
Andynelms@andersonnelms.com  
ASB-6972-E63K  

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2007, I electronically filed the foregoing Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kary Bryant Wolfe (ASB-5034-071K)  
Attorney for Defendant  
Walston, Wells & Birchall, LLP  
1819 5th Avenue North, Suite 1100  
Birmingham, Alabama 35203  
(205) 244-5200    Phone  
(205) 244-5400    Fascimile  

/s/ Andy Nelms  
Keith Anderson Nelms