IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DIANA WINGARD,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO.** <br> **07-CV-904-MHT** |
| **COUNTRYWIDE HOME LOANS,** | |
| **Defendant.** | |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant, Countrywide Home Loans, Inc. ("CHL"), and, for its Reply in support of its Motion to Dismiss Plaintiff's Amended Complaint says as follows:

**I.   SOX'S JURISDICTIONAL PROVISION IS NOT AMBIGUOUS**

Plaintiff argues in her Response that 18 U.S.C. § 1514A(b)(1)(B), which creates federal jurisdiction over a SOX whistleblower claim, is ambiguous and should be interpreted to allow suit when findings are not issued within 60 days. Plaintiff has not cited to any authority for this proposition, and the undersigned is not aware of any court which has found the SOX jurisdictional provision to be ambiguous. To the contrary, this section clearly provides that an action may be brought in federal district court to enforce the whistleblower provisions only when "the Secretary has not issued a final decision within 180 days of the filing of the complaint." 18 U.S.C. § 1514A(b)(1)(B). *See Murray v. TXU Corp.*, 279 F.Supp.2d 799 (N.D. Tex. 2003) (stating that federal district court lacks jurisdiction over a SOX claim if the Secretary issued a final decision within 180 days of the filing the complaint).

Plaintiff recognizes that the intent of the jurisdictional provision is clear when she states in her Response that, "[a] literal interpretation of the statutory text of 18 U.S.C. §

1514A(b)(1)(B) seems to indicate that Congress intended for a complainant to have the right to seek judicial redress in the event the Secretary failed to issue findings within one-hundred eighty (180) days of the complaint." (Plaintiff's Response, p. 4-5). Even so, Plaintiff claims that the regulations issued by the Occupational Safety and Health Administration ("OSHA") pertaining to procedures for handling an administrative complaint create an ambiguity in the statute's jurisdictional provision. Plaintiff has put the cart before the horse in this analysis. There is no need to look to an agency's regulations when Congress has directly spoken to the precise question at issue. *See Chevron, U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43, 104 S. Ct. 2778, 2781-82 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.").

Moreover, even if an agency regulation could insert ambiguity into a clear statute, that is not the case here. The regulation states that "the Secretary shall issue, within 60 days of filing of the complaint, written findings as to whether or not there is reasonable cause to believe that the named person has discriminated against the complainant…." 29 C.F.R. § 1980.105(a). Written findings are not the same as a final decision, and it is a final decision which triggers federal jurisdiction under the Act.[1] Thus, the mere fact that the regulations call for *findings* to be issued within 60 days and the statute creates jurisdiction if a *final decision* is not entered within 180 would not create an ambiguity.

---

[1] Under the regulations, there are two scenarios under which the Secretary's findings may become a final decision. First, the plaintiff may appeal to an Administrative Law Judge for a hearing and if the plaintiff loses in front of the ALJ, he may petition the Administrative Review Board for review, which has the authority to issue final decisions. *See* 29 C.F.R. § 1980.106; 1980.110(a). Second, if no timely objection if filed with respect to the Secretary's findings, those findings shall become a final decision. *See* 29 C.F.R. § 1980.106(b)(2).

## II.  CONCLUSION

Plaintiff has not met her burden of establishing the existence of subject-matter jurisdiction over her SOX claim.  As shown by Defendant in its Motion to Dismiss the Amended Complaint, Plaintiff's contention that the Secretary's delay renders its Findings void is without support in the act, its regulations, or in case law.  Plaintiff's new argument that there is some ambiguity which should be interpreted as allowing suit if no Findings are issued within 60 days is likewise without support and is contrary to the clear language of the statute.

The Amended Complaint continues to suffer from deficiencies in pleading jurisdiction, and the proof offered by CHL demonstrates that Plaintiff does not have the right to bring a civil action.  As this Court is without subject-matter jurisdiction over the sole claim asserted by Plaintiff, Plaintiff's Amended Complaint is due to be dismissed.

    s//Kary Bryant Wolfe
    Kary Bryant Wolfe  (ASB-5034-O71K)

    Attorney for Defendant

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2007, I electronically filed the foregoing Reply in Support of Motion to Dismiss Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
Law Offices of Jay Lewis, LLC
847 S. McDonough St. Ste. 100
Montgomery, AL 36104

                                            s//Kary Bryant Wolfe
                                            Of Counsel