IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DIANA WINGARD, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
|    v. ) | 2:07cv904-MHT |
| ) | (WO) |
| COUNTRYWIDE HOME LOANS, ) | |
| INC., a foreign ) | |
| corporation licensed and ) | |
| doing business in the ) | |
| State of Alabama, ) | |
| ) | |
|    Defendant. ) | |

OPINION

Plaintiff Diana Wingard brings this lawsuit against defendant Countrywide Home Loans, Inc., charging that she was wrongfully termination because she engaged in activities protected by the whistleblower provision of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A.  This case is currently before the court on Countrywide's motions to dismiss this lawsuit.

Here, both the statute and the applicable regulations are clear that a plaintiff may by-pass administrative procedures only when the Secretary of Labor has not issued a final decision within 180 days of the filing of an administrative complaint and there is no showing that such delay is due to bad faith on the part of the plaintiff.  18 U.S.C. § 1514A (person charging retaliatory discharge in violation of the Sarbanes-Oxley Act may, "if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bring[] an action at law or equity for de novo review in the appropriate district court of the United States."); 29 C.F.R. §§ 1980.114 ("If the Board has not issued a final decision within 180 days of the filing of the complaint, and there is no showing that there has been delay due to the bad faith of the complainant, the complainant may bring an action at law

or equity for de novo review in the appropriate district court of the United States.").

Wingard argues that the regulation that requires that the secretary issue a decision within 60 days, see 29 C.F.R. § 1980.105(a) ("After considering all the relevant information collected during the investigation, the Assistant Secretary shall issue, within 60 days of the filing of the complaint, written findings as to whether or not there is reasonable cause to believe" that there has been a violation of Sarbanes-Oxley.), means that she can by-pass the administrative procedures whenever the secretary fails to issue a decision within 60 days of the filing of her complaint.  This reading of the 60-day regulation would vitiate not only the other regulatory provision, detailed above, that allows for the by-passing of the administrative procedures only when a decision is entered after 180 days, it would vitiate the statutory provision, also detailed above, that provides for the

3

same. Wingard's proposed reading of the statute and the regulations is senseless.

Because the Secretary of Labor issued a decision within 180 days, Wingard cannot by-pass the administrative procedures. Countrywide's motions to dismiss should be granted.

An appropriate judgment will be entered.

DONE, this the 18th day of September, 2008.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**